SIGNED.

Dated: May 4, 2012

James M. Marlar, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MICHAEL LARMAR GRAY and HEATHER LUNDGREEN,<br><br>Debtors.<br><br>JIM D. SMITH, not individually but as Chapter 7 Bankruptcy Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LARMAR GRAY and HEATHER LUNDGREEN, Debtors; AMERICAN STERLING BANK, a banking corporation; NATIONAL BANK OF ARIZONA, a banking corporation;, METCALF BANK, a banking corporation, successor to AMERICAN STERLING BANK; RECONTRUST COMPANY; and COUNTRYWIDE HOME LOANS,<br><br>Defendants. | Chapter 7<br><br>No. 0:08-bk-14366-JMM<br><br>Adversary No. 0:12-ap-00451-JMM<br><br>**MEMORANDUM DECISION RE MOTION TO DISMISS BY BANK OF AMERICA, N.A.** |

The court has been presented with Bank of America, N.A.'s motion to dismiss the Trustee's complaint, which seeks to sell real property free and clear of liens, without compliance with 11 U.S.C. § 363(f) (ECF No. 5).[1] The Trustee alleges that recorded liens against the subject property are disputed, but has not explained in what way they are disputed.

---

[1] See the motion to dismiss for an explanation as to how Bank of America is now the real party in interest.

Nor has the Trustee filed an adversary proceeding which seeks to avoid recorded liens or which questions their status or entitlement to the colorable nature of their claimed liens. Nor has the Trustee responded to the affidavit accompanying the motion to dismiss, setting forth the disputed facts. FED. R. BANKR. P. 7001.

The Trustee's Complaint seeks only to sell the subject property, and fails to comply with § 363(f) by either (1) selling for an amount which will pay off the liens, or (2) showing that all affected lienholders have consented to a sale for an amount which is less than their liens. For these reasons, the Trustee's Complaint fails to state a legally viable cause of action against this lienholder.

For these reasons, the court finds that Bank of America's motion to dismiss should be granted. The Bank's counsel is directed to lodge a form of judgment, which contains FED. R. BANKR. P. 54(b) language. Moreover, as the motion to dismiss presents facts, which are outside of the pleadings, the court may treat it as a motion for summary judgment under Rule 56, and elects to do so. The judgment should also recite that oral argument on the motion to dismiss, presently scheduled for May 25, 2012 at 9:00 a.m. is VACATED.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Noticing
Center ("BNC") to all parties to this adversary proceeding